IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:15-cv-02896 |
| | § | |
| BREAKPOINT SERVICES, LLC, | § | |
| | § | A Jury is Demanded |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Mario Rodriguez, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### PARTIES

1.  Plaintiff, Mario Rodriguez, was an "employee" of Defendant, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff was an individual directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff resides in Harris County, Texas.

1

2. Breakpoint Services, LLC, is a domestic for-profit Texas Corporation engaged in the business of operating a courier service in Harris County, Texas. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of the Defendant involves the actual movement of goods and commerce in the course of conducting courier services.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

4. Defendant employed Plaintiff as a customer service representative from September 9, 2014 through May of 2015.

5. Plaintiff worked in the Heritage Plaza Office building in the mail room. Plaintiff delivered in-office UPS, FedEx, and DHL supplies and packages.

6. Plaintiff was required to work from 11:00 a.m. through 8:00 p.m. Plaintiff's supervisor told him that he could only enter 8 hours per day. Plaintiff worked approximately 14 hours of overtime per week which was not compensated.

7. Defendant paid Plaintiff was paying Plaintiff $9.50/hour.

8. Plaintiff does not have a written agreement with Defendants.

9. Upon information and belief, Plaintiff was docked for days missed during the work week.

10. The various items delivered by Plaintiff were goods in interstate commerce, delivered from various locations in the United States.

11. During some or all of the workweeks of his tenure with the Defendant, the Plaintiff worked in excess of 40 hours per week.

12. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

13. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

14. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiff was not exempt from the protection of the FLSA.

15. The Defendant did not make a good faith effort to comply with the overtime or minimum wage provisions contained within the FLSA.

16. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

17. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

18. Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary.

## CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISION

19. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

20. During one or more workweeks of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours.

21. The Defendant is obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22. Defendant did not pay Plaintiff the overtime rate for hours worked over forty (40).

23. The Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

24. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

25. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper hourly rate.

26. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

27. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's

fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## PRAYER FOR RELIEF

Mario Rodriguez, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear.  Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant that their violation of the FLSA was willful;

3. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**